IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRAD JONES, EX-7435,   )
    Petitioner,   )
       )
    v.   )  2:15-CV-201
       )
R. GILMORE, et al.,   )
    Respondents.   )

REPORT and RECOMMENDAATION

I. Recommendation:

It is respectfully recommended that the petition of Brad Jones for a writ of habeas corpus (ECF 1) be dismissed as time barred and not contrary to federal law, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Brad Jones, an inmate at the State Correctional Institution at Waynesburg has presented a petition for a writ of habeas corpus.

Jones is presently serving a 21 ½ to 43 year sentence imposed following his conviction by a jury of third degree murder, carrying a firearm without a license, corruption of minors, criminal conspiracy and abuse of a corpse at No.CP-02-CR-14284-2001 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on May 9, 2002.[1] His appeal was dismissed on April 9, 2003 as a result of the failure of his counsel to file a brief.[2] Jones then filed a post-conviction petition on March 25, 2004 which was dismissed on September 20, 2004.[3] The dismissal was affirmed by the Superior Court on July 27, 2005 and leave to appeal was denied by the Pennsylvania Supreme Court on March 21, 2006.[4]

---

[1] See: Petition at ¶¶1-6.
[2] See: Petition at ¶9. The records of the Court of Common Pleas, available at https://ujsportal.pascourts.us at Common Pleas Docket No. CP-02-CR-14284-2001 show that the Superior Court dismissal occurred on April 9, 2003.
[3] See: CP-02-CR-14284-2001.
[4] Id.

On March 27, 2007, Jones filed a second post-conviction petition which was dismissed on May 30, 2007.[5] No significant further action occurred until July 15, 2013 when Jones filed a habeas corpus petition, which the Court of Common Pleas determined should be treated as a post-conviction petition.[6] As such it was dismissed on September 23, 2013 as time barred.[7] On November 18, 2014, the Superior Court affirmed the denial of post-conviction relief as time barred.[8]

In the instant petition, executed on February 4, 2015 and received in this Court on February 13, 2015, Jones contends he is entitled to relief on the following grounds:

1. Petitioner is actually innocent of a crime, where the statute alleging a crime does not contain any elements constituting a crime.
2. The public has not been given lawful notice of the elements which constitute a 3rd degree murder.
3. The petitioner was not given lawful notice of the elements of 3rd degree murder to prepare a proper defense.
4. Pennsylvania law forbids a judge to sentence a person outside of the guidelines without citing on record the reasons for deviating from the guidelines.
5. The judge sentenced the petitioner outside the guidelines without stating the reasons on the record.
6. The 3rd degree murder statute classifies it as a felony of the 1st degree
7. The maximum sentence for a 1st degree felony is only a 10-20 year sentence.[9]

That is, the petitioner seeks to challenge both the validity of Pennsylvania's 3d degree murder statute as well as the imposed sentence under the Pennsylvania sentencing guidelines with no stated reasons for a departure.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[5] Id.
[6] Id.
[7] See: Petition at ¶12(d)(2).
[8] Id at ¶ 12(d)(6), and Superior Court Docket 560 WDA 2014. See November 18, 2014 Memorandum of the Superior Court appended to ECF 3.
[9] See: Petition at ¶ 12. Like the petitioner, we also note that while third degree murder is a felony of the first degree and therefore subject to a sentence of ten to twenty years, the petitioner was also convicted of other crimes and as the Superior Court wrote on November 18, 2014, he "was sentenced to an aggregate term of 21 ½ to 43 years' incarceration."

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, petitioner's direct appeal was dismissed on April 9, 2003 and leave to appeal to the Pennsylvania Supreme Court was not sought. For this reason, his conviction becomes final on May 9, 2003 when the time in which to seek such review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012).[10] On March 25, 2004, Jones filed a post-conviction petition which was dismissed on September 20, 2004. That dismissal was affirmed on July 27, 2005 and leave to appeal was denied on March 21, 2006. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here.

Jones filed a second post-conviction petition on March 27, 2007 which was denied on May 30, 2007.[11] Over six years later he submitted a habeas corpus petition which was treated as a third post-conviction petition under Pennsylvania law. 42 Pa.C.S.A. §9542. Ultimately that petition was denied, and the denial was affirmed by the Superior Court which wrote:

> Appellant's judgment of sentence became final on May 9, 2003 thirty days after this Court dismissed his appeal from his judgment of sentence… Accordingly, Appellant had until May 9, 2004, to file a timely PCRA petition, making his instant petition filed on July 15, 2013, patently untimely.[12]

---

[10] Rule 903, Pa.R.App.P.
[11] We realize that in our Memorandum and Order filed on February 24, 2015 (ECF 3) some inaccurate dates were set forth. These have been corrected here and there is no basis for determining that as a result of these inaccuracies, the petitioner suffered any harm.
[12] See: November 18, 2014 Memorandum of the Superior Court.

3

Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred unless the petitioner can demonstrate a basis for invoking equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010), United States v. Bendolph, 409 F.3d 155 (3dCir. 2005)(en banc). Accordingly, on February 24, 2015, the petitioner was directed to set forth such a basis if one exists.

In his response filed on March 18, 2015 (ECF 4), Jones contends he was denied the effective assistance of appellate counsel on his direct appeal, an issue which was raised and rejected in his post-conviction petition; that this right did not become known to him until after "years of studying law" and as a result he is entitled to equitable tolling. His argument does not provide a basis for equitable tolling, and thus the instant petition is time barred.

Additionally, on the merits, Jones argues in his Memorandum of Law:

Petitioner is not maintaining that he is totally innocent of a specific type of crime, but is actually innocent of the degree of guilt he was convicted and sentenced under…

Petitioner was convicted and sentenced under third degree murder where the statute fails to give lawful notice of the elements of what type of conduct is prohibited to constitute the alleged offense…

The judge … did not do as mandated by the sentencing guideline statutes. He did not state on record the reasons for sentencing Petitioner outside the guidelines and did not provide a written statement of the reasons either…

Thus is can be shown that the Petitioner's conviction and sentence was a miscarriage of justice because Petitioner's due process, jury trial, and notice rights were violated…(ECF No.2).

The relevant Pennsylvania homicide statute, 18 Pa.C.S.A. §2502 provides in part:

(a) Murder of the first degree. – A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.
(b) Murder of the second degree. – A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.
(c) Murder of the third degree. All other kinds of murder shall be murder of the third degree.

Thus, the elements of the criminal charge are clearly set forth, and as a matter of state law, petitioner's argument does not provide a basis for relief. <u>Swarthout v. Cooke</u>, 131 S.Ct. 859 (2011).

Petitioner also argues that the court is mandated to set forth any departure from the statutory sentencing guidelines. This issue is likewise a matter of state law and does not provide a basis for relief here. <u>Swarthout</u>, <u>supra.</u> For this reason, neither of his claims demonstrates that his conviction was secured in any manner contrary to federal law as determined by the United States Supreme Court.

Accordingly, it is recommended that the petition of Brad Jones for a writ of habeas corpus be dismissed as time barred and without merit as a matter of federal law, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

                                      Respectfully submitted,

                                      s/ Robert C. Mitchell

Filed: March 24, 2015                    United States Magistrate Judge